UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MELVIN ALEXANDER LORENZO DUARTE,    :
    :
    Plaintiff,    :
    :    **22 Civ. 1775**
    :
    -against-    :
    :
EMPIRE BAGELS, INC., EMPIRE BAGELS    :
BREWSTER INC., EMPIRE BAGELS CARMEL    :    **CLASS AND**
INC., EMPIRE BAGELS CROSS RIVER INC.,    :    **COLLECTIVE ACTION**
EMPIRE BAGELS FISHKILL INC., EMPIRE    :    **COMPLAINT**
BAGELS HARRISON INC., and JAY D'ANGELO,    :
    :
    Defendants.    :
--------------------------------------------------------------------X

Plaintiff Melvin Alexander Lorenzo Duarte ("Plaintiff" or "Duarte"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Empire Bagels, Inc., Empire Bagels Brewster Inc., Empire Bagels Cross River Inc., Empire Bagels Fishkill Inc., Empire Bagels Harrison Inc. (collectively, "Empire Bagels"), and Jay D'Angelo (collectively with Empire Bagels, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1.    Melvin Alexander Lorenzo Duarte was employed as a cashier, counter person, and eventually manager at Empire Bagels in Carmel and Cross River, New York. Although Duarte regularly worked approximately fifty-eight hours per workweek, Defendants paid him at a "straight time" rate, meaning at the same hourly wage rate for all hours worked per workweek, including hours over forty. Despite performing manual labor for more than 25% of his work time, Defendants paid Duarte his wages due more than seven days after the end the corresponding workweek at least twice per year. In addition, Defendants failed to pay Duarte spread-of-hours pay and to provide him with

wage notices at the time of hire and accurate wage statements at the end of each pay period.

2.      Duarte brings this action on behalf of himself and all similarly situated employees of Empire Bagels to recover from Defendants unpaid overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Defendants' Empire Bagels stores located in the Southern District of New York.

## THE PARTIES

### Plaintiff Melvin Alexander Lorenzo Duarte

5.      Melvin Alexander Lorenzo Duarte resides in Westchester County, New York.

6.      Defendants employed Duarte from approximately June 2016 to January 2022.

### Defendant Jay D'Angelo

7.      Defendant Jay D'Angelo ("D'Angelo") is the owner of Empire Bagels, six restaurants located in New York City, Westchester County, and Putnam County that

serve bagels, sandwiches, burgers, omelets, smoothies, and salads to customers for on-site and to-go consumption and catering.

8.    D'Angelo performs and/or has authority perform the following: hire and fire employees; direct the way employees perform their daily duties and assignments; and establish the pay practices, work, and scheduling policies at Empire Bagels.

9.    Throughout Plaintiff's employment, D'Angelo was regularly present at the Empire Bagels locations in Carmel and Cross River on average twice per week.

10.    Throughout Plaintiff's employment, upon information and belief, D'Angelo was regularly present at the other Empire Bagels locations on average twice per week.

11.    From approximately October 2018 through the end of Plaintiff's employment, D'Angelo determined Duarte's work schedule.

12.    Throughout Plaintiff's employment, D'Angelo collected and maintained the number of hours that Empire Bagels employees worked per workweek.

13.    D'Angelo determined Duarte's pay rate throughout his employment.

14.    Throughout Plaintiff's employment, D'Angelo determined the wage rates of and whether to give pay raises to Empire Bagels employees.

15.    Throughout Plaintiff's employment, D'Angelo handed employees their wages at Empire Bagels.

16.    D'Angelo promoted Duarte to manager in approximately October 2018.

17.    D'Angelo transferred Duarte to the Carmel location of Empire Bagels in approximately July 2020.

18.    D'Angelo set the work duties of Duarte throughout his employment.  For example, from approximately October 2018 to July 2020, D'Angelo required Duarte to go

to the Brewster Empire Bagels location six mornings per week to pick up bagels and deliver them to the Cross River location.

19.     D'Angelo exercises sufficient control over the operations of the Empire Bagels locations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Empire Bagels Inc.**

20.     Defendant Empire Bagels, Inc. is a New York corporation that owns, operates, and does business as Empire Bagels located at 3101 Westchester Avenue, Bronx NY, 10461.

21.     Empire Bagels is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

22.     Empire Bagels has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

23.     In the three years preceding the filing of this Complaint, Empire Bagels has had annual gross sales in excess of $500,000.

**Defendant Empire Bagels Brewster Inc.**

24.     Defendant Empire Bagels Brewster Inc. is a New York corporation that owns, operates, and does business as Empire Bagels Brewster located at 1515 Route 22, Brewster NY, 10509.

25.     Empire Bagels Brewster is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

26.     Empire Bagels Brewster has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.     In the three years preceding the filing of this Complaint, Empire Bagels Brewster had annual gross sales in excess of $500,000.

**Defendant Empire Bagels Carmel Inc.**

28.     Defendant Empire Bagels Carmel Inc. is a New York corporation that owns, operates, and does business as Empire Bagels Carmel located at 1906 U.S. 6 Carmel Hamlet, NY 10512.

29.     Empire Bagels Carmel is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

30.     Empire Bagels Carmel has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

31.     In the three years preceding the filing of this Complaint, Empire Bagels Carmel had annual gross sales in excess of $500,000.

**Defendant Empire Bagels Cross River Inc.**

32.     Defendant Empire Bagels Cross River Inc. is a New York corporation that owns, operates, and does business as Empire Bagels Cross River located at 20 North Salem Road, Cross River NY, 10518.

33.     Empire Bagels Cross River is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

34.     Empire Bagels Cross River has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

35.     In the three years preceding the filing of this Complaint, Empire Bagels Cross River had annual gross sales in excess of $500,000.

**Defendant Empire Bagels Fishkill Inc.**

36.     Defendant Empire Bagels Fishkill Inc. is a New York corporation that owns, operates, and does business as Empire Bagels Fishkill located at 738 Route 9, Fishkill NY, 12525.

37.     Empire Bagels Fishkill is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

38.     Empire Bagels Fishkill has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**Defendant Empire Bagels Harrison Inc.**

39.     Defendant Empire Bagels Harrison Inc. is a New York corporation that owns, operates, and does business as Empire Bagels Harrison located at 379 Halstead Avenue, Harrison NY, 10528.

40.     Empire Bagels Harrison is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

41.     Empire Bagels Harrison has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

42.     In the three years preceding the filing of this Complaint, Empire Bagels Harrison had annual gross sales in excess of $500,000.

**Defendants Are Joint Employers**

43.     The Empire Bagels restaurants have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

44.     Defendants are part of a single, integrated enterprise that has employed Plaintiff at various periods, including within the last three years.

45.     D'Angelo owns all Empire Bagels locations.

46.     D'Angelo sets the wages for the employees in all Empire Bagels locations, and employees from all locations are subject to the same employment policies, practices, and procedures, including wage payment practices.

47.     D'Angelo decides whether to terminate the employment of any employee in all Empire Bagels locations.

48.     The Empire Bagels locations share a single online presence, http://empire-bagels.com/locations/, which provides the locations of each restaurant and a common menu and contact method for all of them.

49.     The Empire Bagels locations share a logo and selection of food offerings.

50.     Products are shared between locations.  For example, from approximately October 2018 to July 2020, Defendants required Duarte to pick up bagels from the Brewster location to bring to the Carmel location six mornings per week.  For example, at least twice per month, Empire Bagels locations would share glasses and ingredients.

51.     Throughout Duarte's employment, Defendants have directed and allowed for employees to transfer or be shared by and between the Empire Bagels restaurants without retraining.  For example, Duarte worked at the Cross River location from 2016 to July 2020, at which point D'Angelo transferred him to the Carmel location.

52.     With D'Angelo's knowledge and consent, the managers at the different Empire Bagels location would contact each other to borrow employees from other stores whenever there was a shortage of employees at a given store.  For example, in November and December 2021, the Brewster and Carmel locations of Empire Bagels shared a counter

employee, who would work at Carmel one day per week and at Brewster for the rest of each workweek.

53.     For example, an employee from the Harrison location worked in the Cross River location near the end of the summer of 2021.

54.     For example, near the end of 2020, Duarte sent an employee from Carmel to cover an absent employee in the Brewster location.

55.     In January 2022, D'Angelo held a meeting with all managers from all Empire Bagels locations, including Duarte.  At the meeting, D'Angelo discussed with the managers policies concerning customer service, cost-saving, and employee uniforms to be applied equally across all stores.  At the meeting, D'Angelo also reiterated that stores should cooperate and exchange and share products when necessary, and he mentioned that a delivery employee in the Harrison location could deliver the products to the stores.

56.     In the three years preceding the filing of this Complaint, all Empire Bagels locations combined had annual gross sales in excess of $500,00.

## FACTUAL ALLEGATIONS

57.     Throughout Duarte's employment until approximately 2020, Defendants failed to maintain a time clock or time tracking system at the Empire Bagels locations that accurately recorded the number of hours employees worked per workday.

58.     Throughout Duarte's employment, Defendants paid Duarte and other employees, except for bagel makers and most managers, at the same hourly wage rate per hour worked, including for hours over forty per workweek.

59.     Throughout Duarte's employment, Defendants paid bagel makers and most managers on a salary basis.

60.     Throughout Duarte's employment, Defendants paid their employees more than seven days after the end of a workweek at least twice per year.

61.     Defendants did not pay Duarte and other employees an additional hour of pay at the full minimum wage rate when they worked daily shifts longer than ten hours.

62.     Defendants failed to furnish Plaintiff and other employees with a wage notice upon hire and whenever their pay rate changed.

63.     Defendants failed to furnish Plaintiff and other employees with accurate wage statements with each payment of their wages.

**Duarte's Employment at Empire Bagels**

64.     Duarte worked as a counter person and cashier at Empire Bagels Cross River from approximately June 2016 to October 2018.

65.     Throughout this period, Duarte's primary duties were to prepare and take food orders at the counter, receive payments from and give change to customers, prepare beverages, and clean the store front.

66.     Throughout this period, Duarte typically worked an average of 57 hours per workweek, Wednesday from 5:30 a.m. to 4:30 p.m., Sunday from 6:00 a.m. to 2:00 p.m., and all other days of the week except Monday from 7:00 a.m. to 4:30 p.m.

67.     However, throughout this period, Duarte frequently worked longer shifts, with his daily shifts often ending 30 to 60 minutes later than the times set forth above, to finish cleaning duties.

68.     In 2016, Defendants paid Duarte $10 per hour worked on a straight time basis.

69.     In 2017, Defendants paid Duarte $11 per hour worked on a straight time basis.

70.     In 2018, Defendants paid Duarte $12 per hour worked on a straight time basis.

71.     In approximately October 2018, D'Angelo promoted Duarte to the position of manager.

72.     From approximately October 2018 to July 2020, Defendants paid Duarte $17 per hour on a straight time basis plus an extra $120 per workweek as is explained below.

73.     Throughout this period, Duarte's primary work duties performed as manager included all of his work duties as a counter person plus cooking, setting other employees' work schedules, opening the store, directing employees' work duties, and ensuring customers' needs were satisfied.

74.     Throughout this period, Duarte would also report to D'Angelo the number of hours that Empire Bagels employees at Cross River worked per workweek.

75.     Throughout this period, D'Angelo also required Duarte to travel to the Brewster location of Empire Bagels at 5 a.m. six days per week to pick up bagels and deliver them to the Cross River location.

76.     For this additional bagel delivery work, D'Angelo paid Duarte $120 per workweek in addition to his $17 per hour paid on a straight time basis.

77.     Throughout this period, Duarte typically worked an average of 55 or 55.5 hours per workweek, Wednesday from approximately 5:00 a.m. to 3:00 or 3:30 p.m., and all other days in the week except Monday from 5:00 a.m. to 2:00 p.m.

78.     For example, Duarte worked 58 hours on the workweek of August 19 to 25, 2019, and another 58 hours on the workweek of August 26 to September 1, 2019.

79.     For each of these two workweeks, Defendants paid Duarte $986, equal to 58 hours worked times $17 per hour, plus $120 for delivery work performed per week, for total gross wages of $2,212.  Defendants paid Duarte this amount on or about September 6, 2019.

80.   In July 2020, D'Angelo transferred Duarte to the Carmel location, where he performed the same primary duties he had performed in Cross River as a manager.

81.   From July 2020 to January 2022, Defendants paid Duarte a weekly salary of $1,200.

82.   During this period, Duarte would report to D'Angelo the number of hours that Empire Bagels employees at Carmel worked per workweek.

## COLLECTIVE ACTION ALLEGATIONS

83.   Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated employees of Empire Bagels who were paid on an hourly basis or worked as bagel makers and were paid on a salary basis and are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

84.   The FLSA Collective consists of approximately sixty employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

85.   As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week.

86.   Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees their compensation.

87.   For example, for the workweek of October 19 to 25, 2020, Defendants paid six of eleven Empire Bagels employees in the Carmel location on a straight time basis, as

is reflected in an image that D'Angelo sent Duarte on or about November 5, 2020.  The image is attached as Exhibit 1.

88.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

89.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  All similarly situated employees can be readily identified and located through Defendants' records. The similarly situated workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

90.     Plaintiff brings his claims under the NYLL in this Complaint as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of himself and all employees of Empire Bagels who were paid on an hourly basis or worked as bagel makers and were paid on a salary basis and are current and former employees of Defendants at any time within the six-year period prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

91.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class members is unknown to Plaintiff at this time, but there are believed to be more than eighty such persons.

92.     The identity of the Rule 23 Class members is known to the Defendants and is contained in the employment records that Defendants are required to create and maintain pursuant to state and federal law.

93.      Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

a. whether Defendants failed to pay the Rule 23 Class overtime wages at a rate of one and one-half times their regular hourly rates for all hours worked over 40 in a workweek, in violation of the NYLL;

b. whether Defendants failed to pay the Rule 23 Class spread-of-hours pay, *i.e.*, an extra hour of wages at the full minimum wage rate, on days that their shifts exceeded ten hours, as required by the NYLL;

c. whether, within the last six years, Defendants paid the Rule 23 Class's wages more than seven calendar days after the end of the workweek in which wages were earned;

d. whether Defendants failed to furnish the Rule 23 Class with accurate statements of all wages, hours worked, rates paid, and gross wages as required by the WTPA and the supporting NYLL regulations; and

e. whether Defendants failed to furnish the Rule 23 Class with accurate wage notices at the time of hiring reflecting their regular and overtime wages rates, paydays, frequency of payment, and employer contact information, as required by the WTPA and the supporting NYLL regulations.

94. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid at the correct overtime wage rates and spread-of-hours pay, to be paid wages on a timely basis, and to receive wage statements and wage notices. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages because of Defendants' failure to comply with the NYLL.

95. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

96. For example, on October 29, 2021, D'Angelo sent Duarte an image of an Excel spreadsheet reflecting wages paid on a straight time basis to employees in the Carmel Empire Bagels location for the workweek of October 18 to 24, 2021. The image reflects, for example, that D'Angelo paid an employee at the Carmel location named

Diego $15 per hour for 61.29 hours worked, totaling $919.35 in gross wages (*i.e.*, $15 x 61.29 hours).  The image further reflects other Empire Bagels locations, including Brewster, Fishkill, Harrison, and Stanford.  The image is attached as Exhibit 2.

97.    For example, on or about September 6, 2021, Defendants paid all of the employees in the Carmel location their wages earned for the workweeks of August 19 to 25, 2019, and August 26 to September 1, 2019.  Defendants paid all wages due for the first of these two workweeks more than seven days after August 25, 2019.

98.    For example, on or about February 28, 2020, Defendants paid all of the employees in the Carmel location their wages earned for the workweeks of February 10 to 16 and February 17 to 23, 2020.  Defendants paid all wages due for the first of these two workweeks more than seven days after February 16, 2020.

99.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

100.    Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

101.    There is no conflict between Plaintiff and the Rule 23 Class members.

102.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' common policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly

duplicative litigation that might result in inconsistent judgments about defendants'
practices.

103.    This action is properly maintainable as a class action under Rule 23(b)(3) of
the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime Wages)

104.    Plaintiff repeats and incorporates all foregoing paragraphs.

105.    Defendants willfully violated the FLSA by knowingly and intentionally
failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-
half their regular hourly wage rates per hour worked over forty per workweek.

106.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and
207(a) and employed Plaintiff and the FLSA Collective.

107.    Defendants have not made a good faith effort to comply with the FLSA with
respect to Plaintiff's and the FLSA Collective's compensation.

108.    Defendants were aware or should have been aware that the practices
described in this Complaint were unlawful and have not made a good faith effort to
comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA
Collective.

109.    Due to Defendants' violations of the FLSA, Plaintiff and the FLSA
Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre-
and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

110.    Plaintiff repeats and incorporates all foregoing paragraphs.

111.    Pursuant to the NYLL and supporting New York State Department of Labor
("NYDOL") Regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, Defendants

were required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked over forty per workweek.

112.    Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiff and the Rule 23 Class.

113.    Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay, which could not be less than the minimum wage rate, per hour worked in excess of forty per workweek.

114.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

115.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(New York Labor Law – Spread-of-Hours Pay)**

116.    Plaintiff repeats and incorporates all foregoing paragraphs.

117.    Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

118.    By Defendants' failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting NYDOL regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146–1.6.

119.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**FOURTH CLAIM**
**(New York Labor Law – Frequency of Payments)**

120.     Plaintiff repeats and incorporates all foregoing paragraphs.

121.     Defendants are an employer that is subject to and must abide by the frequency of payments provision of the NYLL.

122.     Defendants paid Plaintiff and the Rule 23 Class on a biweekly basis on average twice per year.

123.     In the last six years, Plaintiff and the Rule 23 Class spent at least 25% of their working time performing work tasks of a physical nature, such as but not limited to cleaning, bending, walking, carrying, polishing, placing food and dishes, cooking, cutting, and moving ingredients and dishes.

124.     Plaintiff and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a)(i).

125.     By paying Plaintiff and the Rule 23 Class on a biweekly basis, Defendants failed to pay Plaintiff and the Rule 23 Class their wages due "not later than seven calendar days after the end of the week in which the wages were earned."  N.Y. Lab. L. § 191(1)(a).

126.     Because Defendants failed to pay Plaintiff and the Rule 23 Class on a weekly basis, they are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint.

**FIFTH CLAIM**
**(New York Labor Law – Failure to Provide Wage Notices)**

127.     Plaintiff repeats and incorporates all foregoing paragraphs.

128.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

129.     Defendants failed to furnish to Plaintiff and the Rule 23 Class at the time of hiring, and whenever there was a change to Plaintiff's and the Rule 23 Class's rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

130.     Due to Defendants' violation of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### SIXTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

131.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

132.     Defendants failed to furnish Plaintiff and the Rule 23 Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

133.    Due to Defendants' violation of the NYLL, § 195(3), Plaintiff and the Rule 23 Class are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a.    certify this case as a class action pursuant to Rule 23 for the class of employees described above, designate Plaintiff as class representative, and appoint Plaintiff's counsel as Class Counsel;

b.    designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c.    declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d.    declare that Defendants have violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

e.    declare that Defendants have violated the frequency of payments provision of the NYLL;

f.    declare that Defendants violated the notice, wage statement, and record keeping provisions of the NYLL and WTPA;

g.    declare that Defendants' violations of the FLSA and NYLL were willful;

h.      award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

i.      award Plaintiff and the Rule 23 Class unpaid spread-of-hours wages;

j.      award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with a wage notice at the time of hiring or whenever there was a change in their rates of pay, in violation of the NYLL and WTPA;

k.      award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

l.      award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

m.      award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

n.      award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

o.      award such other and further relief as the Court deems just and proper.

[CONTINUED ON NEXT PAGE]

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
         March 3, 2022

PECHMAN LAW GROUP PLLC

By:  s/Louis Pechman
     Louis Pechman
     Gianfranco J. Cuadra
     Pechman Law Group PLLC
     488 Madison Avenue, 17th Floor
     New York, New York 10022
     Tel.: (212) 583-9500
     pechman@pechmanlaw.com
     cuadra@pechmanlaw.com

     *Attorneys for Plaintiff, the Putative FLSA
     Collective, and Putative Rule 23 Class*